# Walk, Appellant, *v.* Thompson.

*Vendor and vendee—Marketable title—Hand money—Affidavit of defense.*

In an action against a husband and wife to recover hand money paid on a sale of real estate, where it appears that two years prior to the sale, the husband had conveyed the land in question to his wife, that thereafter two judgments had been recovered against the husband and subsequently an involuntary petition in bankruptcy had been filed against the husband, but dismissed, an affidavit of defense is sufficient which denies the insolvency of the husband, avers that the judgments were not liens against the real estate in question, that he owned other real estate amply sufficient to satisfy such judgments, and that in point of fact both judgments had been paid.

Argued May 4, 1911. Appeal, No. 145, April T., 1911, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1910, No. 858, discharging rule for judgment for want of a sufficient affidavit of defense in case of George Walk v. Catherine Thompson and Frank Thompson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover hand money.

The material averments of the statement of claim and the affidavit of defense are set forth in the opinion of the Superior Court.

The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*J. McF. Carpenter*, with him *Alpern & Seder*, for appellant.

*G. C. Lewis*, for appellees.

OPINION BY HEAD, J., July 13, 1911:

This appeal comes from an order discharging a rule for judgment for want of a sufficient affidavit of defense. The plaintiff sues to recover the hand money paid by him as part of the consideration mentioned in a written article of agreement for the purchase and sale of real estate. The execution of the agreement is admitted and no one of its obligations is contested or denied. The plaintiff avers that on the date mentioned in the agreement for closing the transaction he was able and ready and willing to pay the balance of the purchase money then unpaid and tendered the same to the defendants, the vendors, but avers that they were unable to make a marketable title as they had covenanted to do. This of course was a conclusion that could not be established merely by the plaintiff's averment. Per contra, the affidavit declares that at the same time the defendants were able and willing to

convey and tendered a deed of general warranty to the purchaser, they in turn averring that such deed would have conveyed a marketable title.

The plaintiff then declares that a good title to the property had been acquired in January, 1907, by Frank Thompson, one of the defendants; that in May of that year he made a voluntary conveyance of the same through a trustee to his wife Catherine, the remaining defendant; that some two years later a petition was filed in the bankrupt court to have the said Frank Thompson declared an involuntary bankrupt; that during the year 1909 two judgments had been obtained against the same Frank Thompson resulting from suits which had been begun as early as 1906. The defendant replies that the petition in bankruptcy was dismissed because the petitioners were not valid creditors of the said Thompson; that neither of the said judgments ever became a lien upon the property in question because they were entered more than two years after the defendant therein had conveyed the property in question to his wife and at a time when he was the owner of other real estate amply sufficient to satisfy them, and that in point of fact both were paid.

The plaintiff does not set up that the conveyance to the wife was made in fraud of the creditors of the husband who afterwards obtained the judgments, nor does he set up that Thompson, the debtor, had no other property sufficient to pay them. Taking then the averments of the affidavit as true, the defendants were in no default at the time fixed for the consummation of the written agreement.

The plaintiff then sets up a collateral agreement in parol, alleged to have been entered into at the time when the deed was to have been delivered and when, as he assumes, the defendants were unable to convey a good title. He alleges that the defendants then promised that they would close the deal by January 4, 1910, and at that time would deliver, along with the deed, a policy of ·in-

surance on the title from the Guarantee Title & Trust Co., or in default thereof, would return to the plaintiff the hand money paid with title expenses. No consideration for this new contract is alleged except the advantage of the further delay which it is said the defendants desired and the plaintiff accorded. As we have already seen, it does not appear in the light of the affidavit of defense that the defendants were in default or that such delay was in any way beneficial to them, but beyond that the affidavit avers that the affiant had no such arrangement with the trust company and never notified the plaintiff that the trust company had refused to issue such a policy as the plaintiff averred had been given about January 4, 1910.

In this condition of the pleadings we do not feel warranted in saying that the plaintiff has presented a case which ought to entitle him to a summary judgment. On the contrary, it seems to us that, construing the affidavit of defense fairly, the defendants have contested every material fact upon which the plaintiff relies to recover.

Appeal dismissed at the costs of the appellant but without prejudice.